**W. Max NICHOLS, Appellee,**

v.

**SPRINGFIELD PRODUCTION CREDIT ASSOCIATION, et al., Appellants.**

Supreme Court of Tennessee,
at Nashville.

Aug. 31, 1987.

Thomas Neal Bateman, Clarksville, for appellee.

Charles H. Beaty, Bruce N. Oldham, Gallatin, for appellants.

OPINION

FONES, Justice.

This case was consolidated with *Swift v. Kirby*, 737 S.W.2d 271, in this Court, because the primary issue in both cases was whether the debtors' waiver of the "equity of redemption" in a deed of trust effectively waived the statutory right of redemption granted in T.C.A. § 66–8–101 *et seq*.

In *Swift v. Kirby*, released simultaneously with this opinion, we held that the phrase " 'equity of redemption,' by common usage throughout the period from 1820 to date has been sufficiently pervasive to include within its meaning the statutory right of redemption granted in T.C.A. § 66–8–101 *et seq*. and that its use fulfills the requirement of an express waiver required by T.C.A. § 66–8–101(3)." In addition, we held that Chapter 774, Acts of 1984, providing that use of that phrase was sufficient to waive the statutory right of redemption, was a constitutionally valid enactment.

In this case, the only issues decided in the trial court were that (1) plaintiff had not waived the statutory right of redemption in waiving the equity of redemption in the trust deed securing his debt to Springfield Production Credit Association, but that (2) plaintiff had made an insufficient and improper tender under the statute and was not entitled to redeem the real property. The Court of Appeals noted that there were other issues raised by the pleadings, treated the lower court's decree as a final partial judgment under T.R.C.P. 54.02 and addressed only the two issues decided by the trial judge. The intermediate court agreed that the plaintiff had not waived the statutory equity of redemption but reversed on the tender issue, holding that plaintiff had made a sufficient, timely and proper tender.

The result is that we reverse the holding of the Court of Appeals and the trial court that plaintiff had not executed a valid waiver of the statutory right of redemption and dismiss his suit for the reasons articulated in *Swift v. Kirby*. This case is remanded to the trial court for disposition of any issues raised by the pleadings not disposed of by this opinion. Costs are adjudged against plaintiff Nichols.

HARBISON, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.